IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CARLOS A. ZELAYA, | § | |
| | § | |
|   *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. <u>**4:24-cv-01236-P**</u> |
| | § | |
| ECOLAB INC., | § | |
| | § | |
|   *Defendant*. | § | |

**<u>PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

    Plaintiff, Carlos A. Zelaya, files this First Amended Complaint and Jury Demand complaining of Ecolab Inc. ("Defendant") and, in support thereof, respectfully shows the Court as follows:

**I.
<u>PARTIES</u>**

    1.    Plaintiff, Carlos A. Zelaya, is an individual and citizen who resides in Irving, Texas, Dallas County.

    2.    Defendant Ecolab Inc. ("Ecolab") is a Delaware foreign corporation engaged and doing business in the State of Texas with its principal place of business in Saint Paul, Minnesota. Ecolab is registered to do business in the State of Texas. Defendant Ecolab has answered and appeared for all purposes.

## II.
## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because the Plaintiff and Defendant are citizens of different U.S. States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue in this District is proper pursuant to 28 U.S.C. §1391(b)(2) because, as set forth below, a substantial part of the events or omissions giving rise to this claim occurred in the North District of Texas. More specifically, the underlying explosion and injury to plaintiff occurred in Tarrant County, which falls within the Fort Worth Division of the Northern District of Texas.

5. This court has specific jurisdiction over defendant because Defendant Ecolab has had continuing and systematic contacts with the State of Texas, have been regularly doing business in Texas, and have purposefully availed itself of the privileges and benefits of conducting business in the state of Texas by, among other things: entering into contracts (by mail or otherwise) with residents of the State of Texas; contracting for performance in Texas; paying taxes in Texas; recruiting Texas residents for employment inside and/or outside the state; sending a regular flow of goods and services into the state of Texas; owning land and/or other property in Texas; performing work in Texas; and by committing torts in the State of Texas. Defendant Ecolab contracted to perform maintenance and repairs on the subject pool equipment that exploded. Defendant's work in that regard occurred in Tarrant County, Texas. The causes-of-action asserted herein arise from such contacts and business. Therefore, the Court's exercise of personal jurisdiction over Defendant comports with due process.

## III.
## FACTUAL BACKGROUND

6. Plaintiff Carlo Zelaya was an employee at the Hilton Hotel as a maintenance technician for a hotel located at 2401 E. Lamar Blvd, Arlington, Texas 76006. Some of his duties include AC repair, plumbing, washer and dryer maintenance, and cleaning and maintaining the pool among other duties.

7. On or about May 12, 2023, Plaintiff was cleaning the pool and was maintaining the pool chlorinator like he normally did. Plaintiff walked towards the pool chlorinator pump in question and saw that it had tipped over. When Plaintiff tried to upright the chlorinator it exploded and violently struck Plaintiff's face. The chemicals and chlorine that were inside the pool chlorinator splattered all over Plaintiff's face and eyes.

8. Plaintiff did not try to remove the lid or open the chlorinator when it exploded.

9. Plaintiff had previously reported that the base to the chlorinator in question was broken or faulty. Plaintiff requested work order be made with Ecolab to repair the chlorinator base.

10. The Chlorinator was over-pressurized and that caused the top to forcefully come off and hit Plaintiff in the face.

11. The Hilton Hotel in question contracted with Defendant Ecolab Inc. to maintain their pool chlorination system.

12. At the time, Defendant Ecolab was responsible for maintaining the pressure on the Chlorinator.

13. Defendant Ecolab was aware, or reasonably should have been aware of the unreasonably dangerous condition at the time of the occurrence, specially that the base to the chlorinator in question was in need or remain and that the chlorinator would overpressure.

14. Defendant Ecolab allowed, caused, and/or created the unreasonably dangerous

condition to exist. Defendant failed to properly inspect, repair and maintain the chlorinator in a good and safe working order. Defendant Ecolab further failed to remedy the condition or to warn Plaintiff to prevent Plaintiff from being struck by the top from the chlorinator.

15. Ecolab was the contractor who maintained the subject chlorinators and the chlorination system.

16. Defendant Ecolab and its agents, employees and/or representatives were aware or reasonably should have been aware of the unreasonably dangerous condition it created through its negligent maintenance of the same and further failed to remedy the condition or to warn Plaintiff to prevent Plaintiff from being struck.

17. As a result of Defendant's actions and inaction stated above, the over pressurized chlorinator violently exploded striking Plaintiff in the face leading to serious injuries. Further the explosion of the chlorinator sprayed chemicals into Plaintiff's face and eyes.

18. As a result of this explosion Plaintiff suffered injuries to his left and right eyes, both requiring multiple surgeries to each eye. Plaintiff ultimately had to have an implant surgically placed in his right eye to restore his vision. Plaintiff also suffered a disfiguring head laceration just above his right eye. The explosion also cracked Plaintiff's teeth and broke his nose. As a result of these injuries, Plaintiff still struggles with light sensitivity, dizziness, frequent headaches, memory issues and neck pain.

### IV.
### CAUSES OF ACTION

**A.    *Negligence of Ecolab Inc.***

19. Plaintiff incorporates the previous paragraphs by reference as though fully set forth here in their entirety.

20. At the time of the incident resulting in Plaintiff's injuries, Defendant Ecolab was a

maintenance contractor for the Hilton Hotel at 2401 E Lamar Blvd, Arlington, Texas 76006.

21.     Upon information and belief, Ecolab provided maintenance for the system where the pool chemicals and pressure were regulated and adjusted on the premises at issue in this case. In this capacity, and upon information and belief, Defendant Ecolab negligently maintained and/or inspected the subject pool chlorination maintenance system, among other things, failing to ensure the subject chlorinator wouldn't fall from the base.

22.     Ecolab was also negligent in at least the following ways, among others:

(a)  failing to warn Plaintiff of the dangerous conditions;

(b)  failing to adequately maintain, repair, and/or inspect the subject pool chlorinator;

(c)  failing to adequately maintain, repair, and/or inspect the subject base where the pool chlorinator sat;

(d)  failing to maintain the subject chlorination systems in a reasonably safe manner;

(e)  negligently maintaining the pressure system on the chlorinator that could over pressurized and cause the tops to fly off;

(f)  failing to place a warning sign or providing any other type of warning in the chlorinator;

(g)  failing to act as a reasonably prudent worker, servicer, and/or contractor by leaving damages and dangerous equipment in service; and

(h)  all other acts and/or omissions that may be revealed during discovery.

23.     Each of the above negligent acts and/or omissions was a proximate cause of Plaintiff's injuries and damages.

# V.
# DAMAGES

24. Plaintiff incorporates the previous paragraphs by reference as though fully set forth in their entirety.

25. As a proximate result of Defendant's negligence, Plaintiff, Carlos Zelaya, has sustained the following damages:

    (a)    physical pain suffered in the past;

    (b)    physical pain which he will, in reasonable probability, sustain in the future;

    (c)    mental anguish suffered in the past;

    (d)    mental anguish which he will, in reasonable probability, sustain in the future

    (e)    loss of earning capacity sustained in the past;

    (f)    loss of earning capacity which, in reasonable probability, Plaintiff will suffer in the future;

    (g)    physical impairment suffered in the past;

    (h)    physical impairment which he will, in reasonable probability, sustain in the future;

    (i)    disfigurement in the past;

    (j)    disfigurement which, in reasonable probability, Plaintiff will suffer in the future;

;

    (k)    the reasonable expenses for necessary medical and hospital care which he has received for treatment of his injuries; and

    (l)    the reasonable expenses for necessary medical and hospital care which he will, in reasonable probability, require for future treatment of her injuries.

# VI.
# DEMAND FOR A JURY TRIAL

26. Plaintiff hereby demands a trial by jury and previously paid the appropriate jury fee

with the filing of Plaintiff's Original Petition.

## VII.
## PRAYER

WHEREFORE, Plaintiff, Carlos Zelaya, respectfully prays that upon final trial of this matter, he recover a judgment against Defendant, which includes:

    (a)    an amount sufficient to fully compensate Plaintiff for his damages and in an amount that exceeds the Court's minimum jurisdictional limits;

    (b)    pre-judgment interest as provided by law;

    (c)    post-judgment interest as provided by law;

    (d)    costs of suit; and

    (e)    all such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

*/s/ Andrew L. Payne*
**Andrew L. Payne**
Texas Bar No. 00791416
**Cameron T. Salehi**
Texas Bar No. 24102995
**PAYNE MITCHELL RAMSEY LAW GROUP**
3500 Maple Avenue
Suite 1250
Dallas, Texas 75219
Telephone:  (214) 252-1888
Facsimile:  (214) 252-1889
Email:  andy@paynemitchell.com
        cameron@paynemitchell.com

***ATTORNEYS FOR PLAINTIFF***

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been forwarded to counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on December 30, 2024.

<u>Via E-Service:</u>
Meghann D. Reeves
HUSCH BLACKWELL LLP
1900 N. Pearl Street, Ste. 1800
Dallas, Texas 75201
Fax: 214-999-6170
Meghann.reeves@huschblackwell.com

                                             */s/ Andrew L. Payne*
                                             **Andrew L. Payne**